UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,
Plaintiff,

v. Case No.: 1:25cv213/RH/ZCB

DOLLAR GENERAL
CORPORATION,
Defendant.
_______________________________/

**REPORT AND RECOMMENDATION**

Plaintiff is a *pro se* litigant who has sued Defendant for defamation. (Doc. 21). Defendant has moved to dismiss, and Plaintiff has responded in opposition. (Docs. 28, 30). Plaintiff has also sought leave to file a third amended complaint, which Defendant has opposed. (Docs. 31, 32, 34). For the reasons below, Defendant's motion to dismiss should be granted in part and denied in part, and Plaintiff's motion for leave to amend should be denied.

## I. Plaintiff's Allegations

Plaintiff worked as a truck driver for Defendant Dollar General Corporation. During his employment, Plaintiff received a final write-up notice from one of Defendant's managers, Dave Bunnell. (Doc. 21 at 7). Plaintiff received this notice after Mr. Bunnell "falsely accused" Plaintiff

of "dropping his trailer" because he failed to check the fifth wheel. (*Id.*). Following the notice, Plaintiff was suspended without pay. (*Id.* at 8).

In an email, Defendant's fleet supervisor (Brittany Crane) subsequently informed Defendant's human resources manager (Jasmine Gibbs) that Plaintiff had "high hooked" his trailer, as opposed to dropping it. (*Id.*). Thereafter, Ms. Gibbs informed Plaintiff in an email that a dropped trailer was not the matter at hand. (*Id.*). Additionally, Ms. Gibbs allegedly stated that the human resources department knew the trailer was "high hooked" and not dropped on the roadway. (*Id.*). According to Plaintiff, these emails show that Mr. Bunnell drafted a false write-up notice with knowledge of its falsity or reckless disregard as to its truth or falsity. (*Id.* at 8-9).

During his suspension, Defendant began applying for jobs with other trucking companies. Plaintiff claims that Mr. Bunnell informed Plaintiff's other prospective employers of the write-up notice during the employment verification process. (*Id.* at 10). According to Plaintiff, Mr. Bunnell published the allegedly false write-up notice to the following specific prospective employers: Frey Miller, Prime Inc., Swift Transportation, US Xpress, C.R. England, Marten Transport, Schneider,

and K&B Transportation. (*Id.*). As a result of Mr. Bunnell's conduct, Plaintiff claims he was not hired by any of those prospective employers. (*Id*. at 11).

Plaintiff further claims that Defendant submitted the allegedly false write-up notice to the Florida Commission on Human Relations during its investigation of a complaint filed by Plaintiff. (*Id*. at 12). According to Plaintiff, Defendant's conduct regarding the false write-up notice led to his resignation. (*Id.*). Following his resignation, Defendant obtained employment with a local school system earning less than he earned with Defendant. (*Id*. at 5).

In his second amended complaint, Plaintiff brings the following claims against Defendant: (1) slander, and (2) libel. (*Id*. at 13-17). As for relief, Plaintiff seeks $3,049,426 in damages. (*Id*. at 2).

## II. Discussion

### A. Defendant's motion to dismiss

Defendant has moved to dismiss the second amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Here, Defendant argues that Plaintiff has failed to state a plausible claim for several reasons. First, Defendant argues that the second amended complaint is a shotgun pleading. Second, Defendant claims that dismissal is warranted because the allegedly defamatory statements are privileged under Florida law. And third, Defendant argues that dismissal is warranted because the second amended complaint fails to contain the information required to state a defamation claim.

**1.**

Defendant argues that the second amended complaint should be dismissed because it is a shotgun pleading. A shotgun pleading is one that violates Rules 8 and 10 of the Federal Rules of Civil Procedure. *Inform, Inc. v. Google LLC*, No. 21-13289, 2022 WL 3703958, at * 4 (11th Cir. Aug. 26, 2022). "The unifying characteristics of all types of shotgun

pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). A complaint should be dismissed as a shotgun pleading "when it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *Inform, Inc.*, 2022 WL 3703958, at * 4.

In this case, the second amended complaint is not a model of clarity. But it is not "virtually impossible" to ascertain what claims are being raised and what factual allegations support those claims. Thus, the second amended complaint should not be dismissed as a shotgun pleading.

**2.**

Plaintiff's second amended complaint claims Defendant engaged in slander (Count One) and libel (Count Two). Both slander and libel fall under the umbrella of defamation. *Mac Isaac v. Twitter, Inc.*, 557 F. Supp.3d 1251, 1257 (S.D. Fla. 2021). A defamation claim in Florida requires the following: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning

a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Id.* (cleaned up). A statement is defamatory if it "tend[s] to subject one to hatred, distrust, ridicule, contempt, disgrace or tend[s] to injure one in one's business or profession." *Am. Airlines, Inc. v. Geddes,* 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007). "To survive a motion to dismiss in a defamation case, a plaintiff must allege certain facts, such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred." *de Cortes v. Brickell Inv. Realty, LLC*, 546 F. Supp. 3d 1332, 1346 (S.D. Fla. 2021) (cleaned up).

Looking at the second amended complaint, Plaintiff has plausibly alleged the elements of a defamation claim. He has alleged that a managerial employee of Defendant, Mr. Bunnell, falsely stated that Plaintiff dropped his trailer on the roadway because he failed to check the fifth wheel. Plaintiff has alleged that during a particular time period Mr. Bunnell published the statement in a write-up notice that was provided to others, including prospective employers who sought to verify Plaintiff's employment with Defendant. According to Plaintiff's allegations, Mr. Bunnell knew that the statement regarding Plaintiff

dropping his trailer on the roadway was false. Plaintiff points to emails between other employees of Defendant, which he says demonstrate the falsity of Mr. Bunnell's statement. Plaintiff alleges damages in the form of lost wages. Finally, Plaintiff has alleged a statement that is defamatory because a truck driver dropping a trailer on a roadway is something that would tend to injure such driver in his business or profession.

Because Plaintiff has alleged the required elements of a defamation claim, there is no merit to Defendant's argument that Plaintiff has failed to plausibly allege a defamation claim. In an attempt to avoid this conclusion, Defendant has cited *Woodhull v. Mascarella*, No. 1:08cv151, 2009 WL 1790383 (N.D. Fla. June 24, 2009) and *Morrison v. Univ. of Miami*, No. 1:15cv23856 (M.D. Fla. Mar. 21, 2016). But both of those cases are distinguishable. In *Woodhull*, the plaintiff's defamation claim failed because she neither identified the person to whom the statements were made nor provided a time frame during which the statements were made. *Woodhull*, 2009 WL 1790383, at *3. And in *Morrison*, the plaintiff failed to identify the false statements. *Morrison*, 2016 WL 3128604, at *7. Here, on the other hand, Plaintiff has sufficiently identified the false

statements, has identified who the statements were made to, and has provided the time frame when the statements were made. (*See* Doc. 21 at 10, 17). Thus, *Morrison* and *Woodhull* do not support Defendant's argument that Plaintiff has failed to state a defamation claim.

**3.**

Under Florida law, a person who has published a defamatory statement is not liable for defamation if the statement was privileged. *Am. Airlines, Inc.*, 960 So.2d at 833. Florida recognizes an absolute privilege for some statements, and a qualified privilege for others. Here, Defendant argues that the statements allegedly published to Plaintiff's prospective employers are subject to qualified privilege. And Defendant further argues that statements made to the Florida Commission on Human Relations are absolutely privileged. The Court will address each argument below.

**a.**

An employer in Florida "has a qualified privilege when the employer discloses information about a current or former employee to a prospective employee." *Bush v. Raytheon Co.*, 373 F. App'x 936, 941 (11th Cir. 2010). The qualified privilege was initially recognized by the

common law. *Linafelt v. Beverly Enterps.-Fla., Inc.*, 745 So.2d 386, 388 (Fla. 1st DCA 1999). It was, however, subsequently codified by the Florida legislature in Fla. Stat. § 768.095. *Id.*; *see also Mastaw v. W. Fla. Med. Ctr. Clinic, PA*, No. 22-12202, 2023 WL 5426757, at *5 (11th Cir. Aug. 23, 2023) ("[W]hether a former employer's communication related to the [employee's] job performance was privileged [is] governed by [Fla. Stat. § 768.095]. . . because the Florida legislature has codified the common law.").

According to the statute, the privilege can be overcome if it is shown "by clear and convincing evidence that the information disclosed by the . . . employer was knowingly false or violated any civil right of the . . . employee protected under" the Florida Civil Rights Act. Fla. Stat. § 768.095. Additionally, "the qualified privilege may be destroyed upon a showing of express malice." *Bush*, 373 F. App'x at 941; *see also Thomas v. Tampa Bay Downs, Inc.*, 761 So.2d 401, 404 (Fla. 2d DCA 2000) (stating that once the defendant has established the qualified privilege, the plaintiff bears the burden of showing that the privilege does not apply because the statement was made "with express malice"). Express malice

exists "where the primary motive for the statement is shown to be an intention to injure the plaintiff." *Thomas*, 761 So.2d at 404 (cleaned up).

The qualified privilege "is an affirmative defense that a plaintiff is not required to negate in a complaint." *Newman v. Crom Corp.*, No. 1:12cv126, 2012 WL 3536548, at *1 (N.D. Fla. Aug. 15, 2012) (refusing to dismiss complaint based on the qualified privilege). Thus, the qualified privilege will not ordinarily serve as the basis for dismissing a complaint. *Linafelt v. Bev, Inc.*, 662 So.2d 986, 990 (Fla. 1st DCA 1995) (finding trial court erred by dismissing complaint based on the qualified privilege). There are, however, "exceptional cases in which the facts giving application to the defense are clearly apparent on the face of the complaint, in which case the defense may be raised by motion to dismiss." *Fariello v. Gavin*, 873 So.2d 1243, 1245 (Fla. 5th DCA 2004). In such exceptional cases, the plaintiff must "plead express malice to proceed with his claim." *Jarzynka v. St. Thomas Univ. Sch. of Law*, 310 F. Supp.2d 1256, 1268 (S.D. Fla. 2004); *see also* 50 Am. Jur. 2d *Libel and Slander* § 433 (explaining that a qualified privilege may be overcome "at the pleading stage by alleging the statement was made with actual malice . . . .").

Applying all of that here, the Court concludes that dismissal is unwarranted based on the qualified privilege codified in Fla. Stat. § 768.095. Because Plaintiff is complaining of a statement made by his employer to prospective employers about Plaintiff's job performance, this appears to be a case where the facts giving rise to the qualified privilege are present on the face of the complaint. And that means Defendant can raise the qualified privilege affirmative defense in a motion to dismiss. The problem for Defendant, however, is that Plaintiff has pleaded express malice in the second amended complaint. *See Prestige Ins. Group v. Allstate Ins. Co.*, No. 21-60515-CIV, 2022 WL 1091825, at *4 (S.D. Fla. Apr. 12, 2022) ("Given that the statements were privileged, Plaintiffs must plead express malice to proceed with their defamation claim."). More specifically, Plaintiff has alleged that the statements were made "with actual malice and bad motives" (Doc. 21 at 10), "with knowledge of their falsity," and with the "expectation and intent" to injure Plaintiff. (*Id.* at 14-15).[1] Because Plaintiff has sufficiently pleaded (especially

[1]"[E]xpress malice sufficient to overcome the presumption exists where the primary motive for the statement is shown to be an intention to injure the plaintiff." *Thomas*, 761 So.2d at 405.

considering his *pro se* status)[2] express malice, the affirmative defense of qualified privilege does not require dismissal of Plaintiff's claim involving the allegedly defamatory statements made by Defendant to Plaintiff's prospective employers.

**b.**

Defendant further argues in its motion to dismiss that the publication of statements to the Florida Commission on Human Relations (FCHR) are absolutely privileged.[3] Under Florida law, "defamatory words published during the course of a judicial or quasi-judicial proceeding are absolutely privileged if they are connected with, or relevant or material to, the cause at hand or subject of inquiry." *Gandy v. Trans World Computer Tech. Grp.*, 787 So.2d 116, 119 (Fla. 2d DCA

---

[2] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

[3] Plaintiff's second amended complaint discusses the alleged publication of a false statement to the FCHR. (Doc. 21 at 12). It does not appear that Plaintiff has brought a specific claim involving such a statement. (*Id.* at 13-17). But Defendant's motion to dismiss and Plaintiff's response both discuss whether the absolute privilege applies to the allegedly false statement Defendant made to the FCHR. (Doc. 28 at 14-15; Doc. 30 at 13). The Court, therefore, assumes that such a claim has been raised and will analyze it accordingly.

2001). Numerous courts have determined that investigations conducted by the Equal Employment Opportunity Commission (EEOC) are quasi-judicial proceedings covered by the absolute privilege. *Id.*; *see also Foster v. Select Med. Corp., Inc.*, No. 6:11cv1234, 2013 WL 764780, at *7 (M.D. Fla. Feb. 28, 2013) (applying Florida's absolute privilege to statements made during an EEOC and OSHA investigation). The absolute privilege "may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Cherdak v. Cottone*, No. 2:22-CV-634, 2023 WL 2044608, at *5 (M.D. Fla. Feb. 16, 2023).

In this case, Plaintiff alleges that the FCHR was conducting an employment investigation. The alleged defamatory statement was made to the FCHR by Defendant during that investigation. The FHCR is a state agency that performs the same type of employment-related investigations as the EEOC. *See generally Huenefeld v. Nat'l Bev. Corp.*, No. 16-62881, 2017 WL 4838786, at *3 (S.D. Fla. Oct. 24, 2017) (explaining that there is a worksharing arrangement between the EEOC and FHCR regarding the investigation of employment-related complaints). There is no logical reason to distinguish an EEOC

investigation from an FHCR investigation for purposes of the absolute privilege. Accordingly, to the extent Plaintiff has brought a defamation claim against Defendant based on statements made to the FHCR, such a claim should be dismissed under Florida's absolute privilege for statements made during quasi-judicial proceedings.

**B. Plaintiff's motion for leave to amend**

After Defendant filed its motion to dismiss his second amended complaint, Plaintiff moved for leave to file a third amended complaint. (Doc. 31). Defendant has opposed granting leave to amend. (Doc. 34). For the reasons below, leave to amend should be denied.

Under Rule 15(a)(1), a party may amend its complaint once as a matter of right within twenty-one days after service of a motion under Rules 12(b), (e), or (f). Fed. R. Civ. P. 15. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave[,and] the court should freely give leave when justice so requires." *Id.* A court may, however, deny leave if amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) (cleaned up). And amendment would be futile where the new claims asserted in the proposed amended complaint would be subject to

dismissal. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

In the proposed third amended complaint, Plaintiff names the same Defendant and includes substantially the same factual allegations and legal claims as the second amended complaint. What the third amended complaint appears to do is add allegations of defamation arising from statements allegedly made by Mr. Bunnell (a manager) to Ms. Gibbs (a human resources manager). (*See* Doc. 31 at 6-7; Doc. 32 at 4-12). Unfortunately for Plaintiff, "Florida courts have found no publication where a corporation is sued for defamation and the defamatory statement was made by one managerial employee of the corporation to another." *Hoch v. Loren*, 273 So.3d 56, 58 (Fla. 4th DCA 2019). That is so because "[a]ll communication between . . . executive/managerial employees are considered to be the corporation talking to itself . . . ." *Am. Airlines,* 960 So.2d at 834. Because the new defamation allegations Plaintiff seeks to add by way of his proposed third amended complaint would be subject to dismissal, leave to amend should be denied as futile. *See Chase v. Arbor Props. Dev. Inc.*, No. 5:24-CV-158, 2026 WL 195433, at *4 (N.D. Fla. Jan. 9, 2026) (dismissing defamation claim because plaintiff failed to plausibly

allege publication to a third party where a corporation's manager allegedly made defamatory remarks about the plaintiff to an assistant manager).

## III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. 28) be **GRANTED in part** to the extent that Plaintiff's defamation claims based on statements made to the Florida Commission on Human Relations be dismissed and **DENIED in part** to the extent that Plaintiff's defamation claims based on statements made to prospective employers be allowed to proceed.

2. Plaintiff's motion for leave to file a third amended complaint (Doc. 31) be **DENIED**.

3. This matter be recommitted to the undersigned for further proceedings.

At Pensacola, Florida, this 4th day of August 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and

Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.